## THORGRIMSON v. SHREVEPORT YELLOW CABS, Inc., et al. *
### No. 5002.

Court of Appeal of Louisiana. Second Circuit.

May 2, 1935.

Chris Barnette, of Shreveport, for appellant G. H. McGee.

Blanchard, Goldstein, Walker & O'Quin and Chas. L. Mayer, all of Shreveport, and A. Miles Coe and Hugh M. Wilkinson, both of New Orleans, for other appellants Shreveport Yellow Cabs, Inc., and another.

Cook & Cook, of Shreveport, for appellee.

DREW, Judge.

On the afternoon of June 10, 1933, plaintiff was a passenger in a cab owned by the Shreveport Yellow Cabs, Inc., which was proceeding south on Market street in the city of Shreveport. At the intersection of Franklin street with Market, the cab collided with a truck belonging to G. H. McGee, operating under the trade name of McGee Warehouse & Storage Company. The McGee truck had come

*Rehearing denied June 4, 1935.

up an 8 per cent. incline on Franklin street and was attempting to make a left turn into Market street. In order to negotiate said turn, it was necessary to cross the southbound line of traffic on Market street. At this particular time the south-bound traffic nearing said intersection consisted of two automobiles and the cab in which plaintiff was riding. The three vehicles were traveling in single file on the right-hand side of Market street coming south, the cab being the last of the three vehicles. The driver of the McGee truck successfully avoided the two cars preceding the cab, but collided with the cab which was in the act of passing to the left of the line in which these cars were driving. As a result of this accident, plaintiff was injured and brought suit against the Shreveport Yellow Cabs, Inc., its insurer, Owners' Automobile Insurance Company of New Orleans, G. H. McGee, operating under the trade-name of McGee Warehouse & Storage Company, L. & A. Railway Company, K. C. S. Railway Company, and the Y. & M. V. Railway Company, asking for judgment in solido in the sum of $23,850.

At the conclusion of the evidence plaintiff dismissed his suit as to the railway companies.

Judgment was rendered in solido in favor of plaintiff and against the Shreveport Yellow Cabs, Inc., its insurer, Owners' Automobile Insurance Company of New Orleans, and G. H. McGee in the sum of $4,004.50.

From this judgment the Yellow Cabs, Inc., and its insurer perfected suspensive appeals. The other defendant, McGee, perfected a devolutive appeal. Since the appeal was perfected McGee has died, and his administrator has been made a party to this suit.

The allegations of negligence made by plaintiff against the Yellow Cabs, Inc., are as follows:

1. That the driver of said cab was driving too fast, considering the slippery condition of the pavement;

2. That it was negligence for him to attempt to pass traffic going in the same direction, likewise considering the condition of the street and the traffic conditions at that particular point; and

3. That he was negligent in failing to observe the approach of the truck, owned by G. H. McGee, a sufficient distance to stop his cab, considering the speed at which he was traveling and the condition of the pavement.

The allegations of negligence made against G. H. McGee are as follows:

That the driver of the McGee truck was negligent in failing to observe the approaching traffic from a northerly direction on Market street, or if he observed it, in failing to take heed of the slippery condition of the street and of the speed at which the said traffic was moving; and was further negligent in pulling in front of the taxicab in which petitioner was riding, thereby requiring the driver to suddenly apply his brakes, which resulted in skidding into the said truck.

The defense set up by the Yellow Cabs, Inc., is a denial of any negligence on the part of its driver, alleging that the accident was caused by the negligence of the driver of the McGee truck.

The defense set up by McGee is that its driver was free from any negligence, and that the accident was caused solely by the negligence of the Yellow cab driver.

The following facts are undisputed:

That it was raining at the time and Market street was slippery; that Market street is a very busy thoroughfare, much traveled, and has the right of way; that Franklin street is one not much used and vehicles entering Market from Franklin are required to stop and yield the right of way to all vehicles on Market street; that Market street is 50 feet wide and Franklin is 28 feet wide; that approaching east on Franklin street toward the property line on Market, there is a continuous 8 per cent. grade; that neither driver saw the other until the truck was entering the intersection; that the Yellow cab skidded a distance of 30 or 40 feet into the side of the truck; that the driver of the Yellow cab was attempting to pass to the left of at least two other vehicles ahead of it when the accident occurred; and that the accident occurred in the intersection.

The record further discloses that the driver of the McGee truck, upon arriving at the intersection, brought his truck to a complete stop and waited for several minutes for traffic on Market street to clear the intersection. He then saw the cars coming from the north on Market street, a sufficient distance away from the intersection for him to enter. He then entered said intersection, had crossed to the east side of the intersection and nearly completed his left-hand turn, the front of the truck being at the time from five to ten feet from the east side of the intersection. The two cars he saw coming south on Market street were followed by a Yellow cab, which he did not see, and in which plaintiff was a passenger. Both of these cars passed to the

rear of the McGee truck and the Yellow cab would have done the same if it had followed or trailed the two cars across the intersection, as it should have done. This it did not do; instead, the driver of the Yellow cab attempted to pass the two cars on their left, and when in approximately 50 or 60 feet distance from the intersection, pulled out of line to the left for that purpose, at which time the driver of the Yellow cab saw the McGee truck and as soon as possible applied his brakes, which caused the cab to skid, zigzagging over the street for a distance of 30 or 40 feet, and the left front of the cab struck the McGee truck near the driver's seat on its left side. The front part of the McGee truck was at the time in close proximity to the east side of the intersection, not more than ten feet from the east side, and the rear of the truck was likewise east of the center of said intersection and had been nearly straightened out to go up the east side of Market street.

■ Regardless of the other acts of negligence alleged, viz., speed and failure to keep a proper lookout, the act of the driver of the Yellow cab in attempting to pass the two cars preceding him at an intersection was a violation of a statutory regulation, viz., Act No. 21 of 1932, title 2, § 3, Rule 7, subd. (e), which reads as follows:

"The driver of a vehicle shall not, under any circumstances, overtake or pass another vehicle proceeding in the same direction at any steam, electric or other railroad grade crossing or any intersection of the highway, unless permitted or instructed to do so by a duly authorized traffic or police officer."

Violation of this statute was negligence per se, and, to our minds, was not only a proximate cause of the accident, but was the proximate cause.

■ The McGee truck had successfully passed that part of the intersection where, under the law, the driver thereof was duty bound to expect traffic, which was moving south on Market street. This is conclusively shown by the fact that the two cars ahead of the Yellow cab, without deviating from their course, passed to the rear. The McGee truck driver was not bound to presume that the Yellow cab would violate the law; to the contrary, he was justified in assuming that he would observe the law, and if the driver of the Yellow cab had observed the law, there would have been no accident. The facts as related, to our minds, show the driver of the McGee truck to have been free of any negligence which was a proximate cause of the accident, and the judgment of the lower court holding McGee liable is erroneous.

■ We might further add that it was the duty of the driver of the Yellow cab to have his cab under such control as to have been able to stop quickly when confronted with any emergency at this intersection. It is clearly shown that he did not have such control of his cab by the fact that, when he applied his brakes, he skidded in a zigzagging fashion for 30 or 40 feet, skidded far to his left-hand side of the street and into the truck owned by McGee. Regardless of what speed he might have been traveling, he was traveling too fast, under the circumstances, to attempt that which he did on a wet, slippery street, as the facts clearly show, and the speed at which he was traveling was negligence under the conditions that prevailed at the time of the accident.

We are therefore convinced that the proximate cause of the accident was the negligence of the driver of the Yellow cab in attempting to pass the two cars ahead of him at an intersection, and the speed of the Yellow cab under the prevailing conditions, viz., a wet, slippery street. The Shreveport Yellow Cabs, Inc., owed a duty to its passenger, the plaintiff herein, to safely deliver him to his destination, and not to cause him any injury through the negligence of its driver, and since he was injured through the negligence of the cab driver, the Shreveport Yellow Cabs, Inc., is liable to plaintiff for all damages he received in said accident; and its insurer, Owners' Automobile Insurance Company of New Orleans, is likewise liable in solido with the Yellow Cabs, Inc., for damages received up to the amount of insurance issued by it to the Shreveport Yellow Cabs, Inc.

The other defendant, G. H. McGee, represented herein by his administrator, is not liable for any amount.

■ The lower court rendered judgment for plaintiff in the sum of $4,604.50; $604.50 of said judgment being for medical, sanitarium bills, dental bill and the cost of a set of teeth. Plaintiff insists that the amount is inadequate.

The injuries suffered by plaintiff consisted of a fractured ankle, which he still complained of at the time of trial; a fractured skull; cuts about the face, lips, and eyelid; a fractured nose; some permanent scars, however, not very noticeable; and the loss of twenty teeth, leaving him only four. He continues to have a dead feeling in the part of his lip which was injured, and a tingling sensation

near the temple where the skull was fractured. He is unable to do a full day's work, as he did previous to the injury, having to leave work about 3 o'clock in the afternoon. He is unable to walk to his work, as he occasionally did before the accident, and at times the injury to his ankle causes him to limp.

After the accident, plaintiff was confined to the sanitarium for a week, and to his bed at home for an additional two weeks. He suffered very much, and, as said before, continues to suffer. His nose was straight before the accident, and since that time is turned noticeably to the right, and to a great extent mars his appearance. He prayed for damages as follows:

| | |
|---|---|
| Pain and suffering | $10,000.00 |
| Shock | 2,500.00 |
| Disfigurement | 3,000.00 |
| Discomfort and loss of function, by reason of the loss of teeth | 1,500.00 |
| Permanent injury to ankle | 1,500.00 |
| Impairment of Health | 5,000.00 |
| Dental Bill | 150.00 |
| Set of False Teeth | 200.00 |
| Medical and Sanitarium Bills | 254.50 |

Plaintiff is entitled to his medical and sanitarium bills, his dental bill, and the cost of a set of teeth, which total $604.50. The amount of $4,000, awarded him for his injuries, we think inadequate by $3,000, and he should have had judgment for pain and suffering, injury to ankle, disfigurement, discomfort, and impairment to health in the sum of $7,000.

It is therefore ordered, adjudged, and decreed that the judgment of the lower court against G. H. McGee, herein represented by his administrator, be reversed, and the demands of plaintiff as to the administrator be rejected.

It is further ordered and decreed that the judgment of the lower court against Shreveport Yellow Cabs, Inc., in the sum of $4,604.-50 be amended by increasing the sum to $7,-604.50; and that the judgment against Owners' Automobile Insurance Company of New Orleans, the insurer of defendant, Yellow Cabs, Inc., be increased from $4,604.50 to $5,-000, and that the judgment against the Shreveport Yellow Cabs, Inc., and Owners' Automobile Insurance Company of New Orleans be in solido to the extent of the judgment against the insurance company, to wit, $5,-000; defendants are cast in the judgment to pay all costs.