McINNIS, Judge.
The plaintiffs in this case are Adam Herget and his wife, Mrs. Betty Herget and their daughter, Miss Eva Herget; and the defendants are Guy Saucier and James Wright, and the demand of the plaintiffs results from the collision of plaintiff, Adam Herget’s automobile, being driven at the time by his wife, with a truck belonging to Saucier and being driven by James Wright, his employee.
The collision occurred on Highway 71, where it is intersected by State Highway 10-D, north of Loggy Bayou. Plaintiff’s car had been following the truck for some distance, waiting an opportunity to pass it, and just before reaching the intersection found the road clear to the north and speeded up to pass the truck, and just as the car was in the act of passing the truck *546 the driver turned left into the graveled highway 10-D, and the car of plaintiffs struck the rear end of the truck and was badly damaged and all of the plaintiffs sustained some injuries.
Plaintiff Adam Herget claims $1,048.17 for the loss of his car and some other items and $1,000 for past, present and future pain and suffering and mental anxiety and his wife claims $5,000 for past, present and future pain and suffering and mental anxiety, and their daughter claims $2,500 for past, present and future pain and suffering and mental anxiety.
The following acts of negligence are charged to1 James Wright, the truck driver, which plaintiffs allege was the sole and proximate cause of the accident:
“(1) In failing to keep his truck under proper control, and to keep a proper lookout for vehicles attempting to pass.
“(2) In failing to hear and heed petitioner’s signal that she was about to pass and in suddenly and without any warning or signal traveling into the West lane.
“(3) In operating a truck on the highway with his vision to the rear obstructed by passengers riding on the flatbed of the truck.
“(4) In attempting to execute a left turn without ascertaining positively that such could be done in safety.”
Mrs. Betty Herget alleges she suffered the following personal injuries:
“(1) Fracture of the right pubic bone; hemotoma pubis.
“(2) Contusions about the face, head and body.
“(3) Lacerations of the face and hand.
"(4) Severe shock to her nervous system.”
Adam Herget alleges he suffered the following personal injuries:
“(1) Laceration of the left hand.
“(2) Contusions about the head and body.
“(3) Severe shock to the nervous system.”
Eva Herget alleges she suffered the following personal injuries:
“(1) Laceration of the left hand.
“(2) Severe sprain of the left ankle.
“(3) Sprain of the lower back.
“(4) Severe shock tO' her nervous • system.”
The defendants deny the substantial allegations of plaintiffs’ petition and allege that the collision and resulting damage was caused solely by the negligence of Mrs. Betty Herget in the following particulars :
“(1) She failed to observe the statutory law of the road anent passing vehicles at highway intersections;
“(2) She crossed the warning yellow strip at a time when it was dangerous to do so;
“(3) She failed to heed the left turn hand signal when given by the driver of defendant’s truck; and
“(4) She approached the intersection at such high speed that her car was out of 'control, and, because thereof, she could not heed the hand signal of the driver of defendant’s car.”'
And, m tire alternative, defendants plead the above negligence as contributing to the accident and as a bar of recovery, and charge the plaintiffs Adam Herget and Eva Herget with contributory negligence in the following particulars:
“(1) They were charged with knowledge of and were duty bound to observe the statutory law of the road anent passing cars at highway intersections, and were duty bound to warn the driver, Betty Herget, thereof, and to caution her against any violation thereof;
“(2) They unquestionably saw defendant’s truck on the highway, and when it began to cross U. S. Highway No. 71 to enter Louisiana Highway 10D, they, and each of them, should ■have protested to the driver, Betty Herget, against proceeding to cross into the left lane of the highway in the impossible effort to pass defendant’s truck;
*547 “(3) They should have protested against the driver, Betty Herget, crossing the warning yellow strip as plaintiffs’ car approached the intersection with Louisiana Highway 10D;
“(4) They should have been on the look-out for, and should have seen, the left turn hand signal given by the driver of defendant’s truck, and should have warned Betty Herget that it was dangerous to proceed after the signal was given; and
“(5) They should ¡have warned Betty Herget against driving at such high speed that her car was out of control as she approached the State Highway intersection.”
Further, in the alternative, it is pleaded that if the track driver is found negligent, proximately causing the accident, in that event the driver of plaintiff’s car, Betty Herget, was guilty of such contributory negligence as to bar recovery by her dr her husband.
On these issues, after trial on the merits, the district judge rejected the demands of all of the plaintiffs and they are prosecuting a devolutive appeal.
There is little difference in the testimony as to the manner in which the collision occurred. Mrs. Herget, her husband and daughter claim that she sounded the horn of the automobile, signalling intention to pass the track, and that the truck moved slightly to the right, leading to the conclusion that the driver had heard the signal and was giving way for her to pass, and that she sounded the horn again and speeded up to pass, when, without warning, the truck driver commenced a left turn into Highway 10D, blocking the left side of the highway and that she then undertook to get back on the other side of the highway and collided with the track. And all the plaintiffs say that the truck driver gave no signal whatever of his intention to make the turn.
The truck was a Ford with overall length, including the flat trailer, of at least 20 feet, and there were at least three Negroes riding on the flat part of the truck, standing up and holding to the cab. The driver Wright says he gave a left turn hand signal and two other witnesses say that they saw him hold out his hand as a signal that he intended to make a left turn. Wright had a rear view mirror on the truck and he says that he saw the car approaching from the rear, but thought it was far enough behind him that he would have plenty of time to make the left turn and that he held out his hand and proceeded to turn left at the intersection, without looking at the approaching car any more. He and his witnesses say they heard no horn signal.
The evidence discloses that from either direction from the intersection, for some 500 feet, there was a yellow line near the center of the highway, as a danger signal,' though the evidence is that the yellow line was rather dim at the time.- There was also a sign denoting the intersection some 500 feet south of the intersection. A photograph of the scene made sometime later shows the intersection was clearly visible 'from either direction, at the time the photograph was made.
The plaintiffs claim that the truck driver was violating the law by attempting to make a left turn without ascertaining that he could do so in safety and that his negligence was the sole and proximate cause of the accident.
Careful review of the testimony and reading of the briefs submitted, convinces us that the collision was caused by the combined negligence of the truck driver and Mrs. Herget, which continued down to the moment of the collision and for this reason Mrs. Flerget cannot recover. This leaves for consideration the question of whether or not the other two plaintiffs, guests in the automobile, can recover.
An automobile guest is under duty to exercise reasonable care to protect himself by making it possible for driver to avoid an accident, but guest is not constantly under obligation to look out for sudden or unexpected dangers that may arise ahead, since he may reasonably rely on driver to discharge such obligation.
Negligence of the driver of an automobile is not imputed to guest unless the *548 guest is guilty of independent contributory negligence. Squyres v. Baldwin, La.App., 181 So. 584, Id., 191 La. 249, 185 So. 14; Albright v. Tatum, La.App., 37 So.2d 888; Cassar v. Mansfield Lumber Co., La.App., 35 So.2d 797, affirmed 215 La. 533, 41 So.2d 209; Bradford v. Wertz, La.App., 52 So.2d 47.
 Plaintiff Adam Herget says that the Plymouth car ¡had been following the truck for probably as much as a mile, and he had urged his wife to pass the truck before one of the colored men riding on-the truck holding on to the cab, fell off, but traffic was heavy, and the first time the highway was clear of traffic was at the time both vehicles were approaching the intersection, and he told his wife to go ahead and pass the truck. It is thus clear that he not only did not warn his wife, the driver, but actively participated in the negligence, and is barred from recovery.
As to Miss Eva Herget, who was riding in the front seat between her father and mother, she testified that she is familiar with warning signs such as curve and intersection signs, and with yelloV lines, and that drivers are not supposed to cross these lines to pass vehicles traveling in the same direction, but she says she did not see any intersection sign, and did not think there was one, does not remember seeing the yellow line, but does not think she looked because she was not driving. She says she was watching the truck and the colored men on the trailer and saw no left turn hand signal by the truck driver, and the first knowledge she had of his intention to turn was when the Plymouth car was just about to pass the truck. She says also that she had no knowledge of any intersection until about the time the truck turned left. From her testimony the conclusion is drawn that she was giving no attention to the things that were obviously visible, such as the yellow line in the highway and the intersection of Highway 10D. Of course after she saw and recognized the danger it was too late for warning to the driver to do any good, but she had the opportunity to see these warnings of possible danger, had she looked.
We are of the opinion that the judgment appealed from, rejecting the demands of all the plaintiffs, is supported by the evidence, and accordingly the judgment is affirmed at the cost of plaintiffs, appellants, in this court and the lower court.