HAMITER, Justice.
 

 Damages are sought in this cause by Adam Herget and Mrs. Betty Herget (husband and wife) and their daughter, Miss Eva Herget, as the result of a collision between a 1950 model Plymouth automobile, of which they were occupants, and a one and one-half ton Ford truck (1941 model) operated by James Wright and owned by his employer, Guy Saucier, both of whom are made defendants.
 

 The accident occured on U. S. paved . Highway 71, in the late afternoon of a clear day in September, 1950, at a point in Red • River Parish where it courses generally . north and south and is intersected from •the west by a state gravel road designated and known as 10-D. From the intersection • north the paved highway (a concrete slab • 20 feet wide and having' two traffic lanes) is straight and level for a great distance; south thereof the same condition obtains for some 750 feet or until a curve is encountered.
 

 Proceeding toward the north the vehicles had traveled reasonably near each other at a speed of approximately 35 miles per hour for a half mile or more south of the mentioned curve, the automobile following the truck. Driving the Plymouth was Mrs. Herget, and occupying the front seat with her were both the husband (on the right) and the daughter (in the center). After the curve was negotiated Mrs. Her-get, on noticing that there was no oncoming traffic, steered her car to the west or left lane and accelerated it with the view and purpose of passing the truck. About the same time the driver of the latter reduced his speed; and shortly thereafter, while traveling about 15 miles per hour, he turned left very suddenly across the path of the overtaking Plymouth and onto the intersecting gravel road. As a result the automobile crashed into the truck (20 feet in length), striking its left side near the rear end and pushing it around, and then traveled approximately 350 feet (apparently out of control) before stopping on the pavement. The truck came to rest on the gravel road, a few feet from the pavement, headed in a southerly direction.
 

 This suit followed. And the district judge, after a trial of the merits and without assigning written reasons for his judgment, rejected the demands .of- all plaintiffs. .1
 

 
 *943
 
 On plaintiffs’ appeal to the Court of Appeal of the Second Circuit the judgment was affirmed. In the course of its opinion the court observed: “Careful review of the testimony and reading of the briefs submitted, convinces us that the collision was caused by the combined negligence of the truck driver and Mrs. Herget, which continued down to the
 
 moment
 
 of the collision and for this reason Mrs. Herget cannot recover. This leaves for consideration the question of whether or not the other two plaintiffs, guests in the automobile, can recover.” The court then went on to further hold that both guest plaintiffs were guilty of independent negligence which contributed to the accident and, hence, barred their recovery. See La.App., 61 So.2d 545.
 

 On the application of plaintiffs we granted the writ of certiorari.
 

 We agree with the Court of Appeal that the collision was caused by the combined negligence of the truck driver and Mrs. Herget. The former, who admittedly knew that the Plymouth was following his vehicle, attempted the hazardous maneuver of left turning on a much traveled thoroughfare without making certain that it could be safely executed, all in violation of statutory provisions regulating traffic on public highways. See LSA-R.S. 32:235 and 236. And the violation, which constituted negligence, undoubtedly was a proximate cause of the accident. Mrs. Herget, on the other hand, also violated a statutory traffic regulation by attempting to overtake and pass the truck at the intersection. LSA-R.S. 32:233, subd. E. Incidentally, such intersection, according to the evidence, was clearly visible from the south for a considerable distance, and a lengthy yellow line along the center of the highway warned motorists of the danger of overtaking and passing' vehicles at that point. By the violation Mrs. Herget was guilty of negligence which, at least, contributed to the accident and prevents recovery by her. See Hollabaugh-Seale Funeral Home, Inc. v. Standard Accident Insurance Co., 215 La. 545, 41 So.2d 212.
 

 Relying on our decision in Cassar v. Mansfield Lumber Co., Inc., 215 La. 533, 41 So.2d 209, counsel for Mrs. Herget say that she is entitled to recover, even if guilty of contributory negligence that continued to the moment of the accident, under the doctrine of discovered peril. That doctrine is inapplicable here. It does not appear from the record that 'the instant truck driver, unlike the one in the Cassar case, was aware (prior to the accident) that the operator of the trailing automobile was attempting to overtake and pass him. When about 150 feet from the intersection, according to his testimony, he looked into his rear view mirror and observed the Plymouth “away back”, or “a pretty good piece down the road”, traveling on the east or right side of the highway., Whereupon, and without again looking t6 the rear, he held out his hand (plaintiffs dis
 
 *945
 
 pute this), reduced his speed to 15 miles per hour, and having heard no horn blow, made the left turn on reaching the intersection.
 

 Neither can we hold, as defendants would have us do, that Mrs. Herget had the last clear chance to avoid the accident. Obviously speculative, particularly in view of the emergency that confronted Mrs. Her-get, is the contention that “at the time of the impact, as the whole right side of the highway was clear and free of traffic, the driver of the Herget car could have easily prevented the accident by turning her car slightly to the right.”
 

 Coming now to the issue of whether the guest plaintiffs (Adam Herget and Miss Eva Herget) were guilty of independent negligence that contributed to the collision, the ruling on which was primarily responsible for our granting the writ of certiorari, we are of the opinion that the Court of Appeal incorrectly resolved it in favor of the defendants.
 

 Generally, a guest passenger is not required to keep a constant lookout for the dangers of the highway, or to pay attention to the ordinary road and other traffic conditions incident to automobile driving, it being his right and privilege to place reasonable reliance upon the driver in charge of the car for the exercise of the necessary care and caution. Of course, if he is aware of a danger ahead which apparently is unknown to the driver, or if he observes that such driver is incompetent or otherwise unfit to operate the machine, a duty devolves upon him to take some precautionary action. White v. State Farm Mutual Automobile Insurance Co., 222 La. 994, 64 So.2d 245 (and authorities cited in both majority and dissenting opinions thereof).
 

 From the record it appears that Mrs. Herget was an experienced driver, she having operated automobiles since the year 1924, and that she was reasonably familiar with the usual highway rules and regulations. Too, a few moments before the impact (as before mentioned) she was driving on a straight, level highway, the weather was clear, the truck ahead was traveling in the east or right lane, and there was no on-coming traffic. It must be said, therefore, that the husband and daughter had no reason to believe her incompetent to drive and that they were not aware of any danger ahead. Furthermore, they deny having known, prior to the accident, of the existence of the yellow line and intersection which Mrs. Herget disregarded; and they cannot be charged with constructive knowledge thereof for, as above shown, they were under no duty to observe the ordinary traffic conditions.
 

 True, as the Court of Appeal pointed out, the husband urged his wife to overtake and pass the truck. But in our opinion, especially in view of the attendant circumstances, the urging did not render him contributorily negligent. Before the
 
 *947
 
 curve was reached he made reference to the truck driver and remarked to his wife: “Watch this fellow and when we get a clear road get ahead of him.” The reason given for the remark was: “I didn’t trust him much — he had a bunch of fellows standing around at the back of the cab— it was an open flat bodied truck, no sides on it.” After the curve was negotiated the husband further remarked, to quote from his testimony, as follows:
 

 “Q. What did you say to her? A. Well, we looked ahead and seen there was no traffic coming toward us and the road was straight and you could see a pretty good piece ahead and I said, ‘Now is the time for you to get ahead of the truck.’
 

 “Q. You made that statement to her, that now is the time for her to get ahead of the truck? A. Yes.
 

 “Q. And you might have seen the yellow line at that time? A. I don’t think I saw the yellow line. I don’t know for sure but I can’t remember seeing one. •
 

 “Q. You had observed the highway marker— A. What I observed was the highway was clear and there was no coming traffic, and I told her to go ahead and pass him up — blow the horn and go ahead by him.
 

 “Q. In other words it was on your suggestion that she started driving by the truck then? A. Sort of like, yes.”
 

 The remarks of the husband, as we appreciate them, amounted to no more than mere suggestions (such as are offered by the often encountered and annoying “back seat driver” and, additionally, are usually ineffective) which the wife, who had complete control of the car, should have ignored as she might well have done. Besides, it does not affirmatively appear that the husband, when suggesting the overtaking and passing of the truck, knew or should have known of the intersection’s presence.
 

 It follows that plaintiffs Adam Herget and Miss Eva Herget, whom we find to be free of negligence, are entitled to recover damages from the defendants herein. And, accordingly, the case will be remanded to the Court of Appeal so that it may determine the quantum of damages due to each of those plaintiffs and make the appropriate awards. Although not; •essential, such a course is proper. Mataya v. Delta Life Insurance Co., 222 La. 509, 62 So.2d 817; White v. State Farm Mutual Automobile Insurance Co., supra; Board of Commissioners of the Port of New Orleans v. City of New Orleans, 223 La. 199, 65 So.2d 313.
 

 For the reasons assigned the judgments of the district court and the Court of Appeal are affirmed insofar as they reject the demands of plaintiff,. Mrs. Betty Herget. In all other respects such judgments are
 
 *949
 
 ■annulled and set aside, and the case is remanded to the Court of Appeal for further proceedings according to law and con•sistent with the views herein expressed. The defendants shall pay all costs.