117 So.2d 622 (1960)
Edgar Francis NICOLLE
v.
Jack ROBERTS and All-State Insurance Company.
No. 21331.
Court of Appeal of Louisiana, Orleans.
January 18, 1960.
Rehearing Denied February 15, 1960.
*623 Titche & McDermott, New Orleans, for plaintiff-appellee.
Brierre, Tooley & Stephenson, New Orleans, for defendants-appellants.
McBRIDE, Judge.
About 11:15 a. m., on November 8, 1957, a collision occurred between an automobile owned and driven by Edgar Francis Nicolle and the car owned by Jack Roberts which was being driven by his wife, at the intersection formed by Fourth and Urbandale Streets in Marrero, Jefferson Parish. Each of the vehicles sustained damage, and it is claimed Pamela Roberts, a young child who was a passenger in the Roberts car, was injured.
Nicolle brought this suit against Roberts and his liability insurer claiming of them in solido the sum of $503, representing property damages accruing to plaintiff as a result of the accident, it being alleged that the accident was the result of negligence on the part of Roberts' wife in entering Fourth Street from Urbandale Street in an imprudent manner and without keeping a proper lookout.
The defendants deny any negligence on the part of Mrs. Roberts and affirmatively allege that the accident was caused solely and only through the fault of Nicolle in several enumerated respects. Alternatively, they charge Nicolle with contributory negligence, one of the specifications being that Nicolle, who was driving on Fourth Street, did, contrary to the provisions of the State Highway Regulatory Statute, pass another automobile at the Urbandale Street intersection and negligently crash into the Roberts car as it was being driven from Urbandale Street into Fourth Street. The defendants also filed a demand in reconvention against Nicolle in which they assert a claim for the damages to the Roberts car, it being alleged that defendant Allstate Insurance Company was the collision insurer of Roberts' car and had paid $127.33 of the damages sustained by the vehicle and that Roberts himself paid $50 of the damage. Roberts, on behalf of his minor daughter, also claimed in reconvention the sum of $250 for personal injuries said to have been suffered by the child.
After a trial below, the court rendered a judgment in favor of plaintiff for $445 against the defendants in solido; the demands in reconvention were dismissed. Allstate Insurance Company and Roberts, the latter both individually and on behalf of his minor child, appealed suspensively to this court.
A description of the locus in quo is that Fourth Street is a heavily-trafficked highway having a concrete surface accommodating a two-way movement of traffic. Said highway runs roughly in an east-west direction and parallels the Mississippi River. Urbandale Street is an inferior thoroughfare having a gravel surface and runs at a right angle to Fourth Street. Urbandale Street meets Fourth Street but does not cross it. The meeting of the two streets forms an "Intersection." See LSA-R.S. 32:1(9). The movement of vehicles at the intersection is controlled by semaphore signalsfacing traffic on Fourth Street is a blinking yellow light; motorists on Urbandale Street approaching Fourth Street are confronted by a blinking red light.
Mrs. Roberts was driving northwardly on Urbandale Street and intended to negotiate a left turn into Fourth Street. She stopped at the threshold of Fourth Street in obedience to the blinking red light, but it is clear from the testimony that her view of traffic conditions on Fourth Street was obliterated by reason of the fact that a large tandem-type trailer truck had stopped on Fourth *624 Street at the edge of the intersection to her left and a bus was stopped on Fourth Street at the other edge of the intersection to her right. Thus, to get into Fourth Street Mrs. Roberts was required to pass between the two stopped vehicles without having the benefit of a view of the existing conditions on the street into which she intended to turn. Notwithstanding such handicap and the dangerous potentialities of her maneuver, she took a chance and drove into Fourth Street with the result that just as the front of her car had almost traversed the eastbound lane on Fourth Street, it was run into by the car of plaintiff. It is undisputed that the right headlight of plaintiff's car came into contact with the left headlight on the Roberts car.
It is with little difficulty we find that Mrs. Roberts was highly negligent. She entered Fourth Street under the most dangerous circumstances, and it was impossible for her to keep any lookout whatever. She would have been as safe in making entry into the highway had she been blindfolded.
Turning now to the actions of plaintiff, we must observe that our brother below was in error in making the statement in his reasons for judgment that "plaintiff was driving his automobile in a reasonable manner." Plaintiff, moving eastwardly, was following the aforementioned large tandem-type truck, and he declares that as he approached the intersection, the truck "pulled" over onto the right shoulder of the highway; that he swerved to the left of the truck to miss and pass it; that when he reached a point even with the cab of the truck, the Roberts car entered the intersection and the accident ensued despite the fact that he immediately applied his brakes.
The plaintiff pretends the truck was on the shoulder of the road when he attempted the passage thereof and that he was in the east lane when the crash came, but this does not appear in keeping with the facts as we find them. There is testimony emanating from two witnesses, one a police officer, to the effect that when they reached the scene soon after the accident, the truck in question was stopped squarely in the eastbound lane of Fourth Street. Plaintiff's own testimony also attests that fact for he states: "The point of impact was about two feet on the righthand side of the center line going east." Taking into consideration the circumstance that plaintiff's right headlight was struck, this could only mean that plaintiff's car was not in the eastbound lane but it was moving eastwardly in the westbound or opposite lane, and that only two feet of the right side of the car were located in the eastbound and proper lane. We do not believe the truck was on the shoulder of the road and are convinced that plaintiff went into the opposite lane to pass the truck when it had just about reached the intersection. The yellow light facing plaintiff should have forcefully brought home to him that the intersection was dangerous and caution should have been exercised.
It being well established that plaintiff attempted to pass a vehicle at a street intersection, we think this constitutes negligence. Such an act is specifically prohibited by law. LSA-R.S. 32:233, subd. E provides as follows:
"The driver of a vehicle shall not, under any circumstances, overtake or pass another vehicle proceeding in the same direction at any railroad grade crossing or any intersection of the highway, unless permitted or instructed to do so by a duly authorized traffic or police officer."
This section prohibiting passing a vehicle at a highway intersection is applicable to the streets of a city. Parker v. Home Indemnity Co. of New York, La. App., 41 So.2d 783. The courts have held that it is negligence per se for a motorist to pass a vehicle going in the same direction at an intersection. Herget v. Saucier, 223 La. 938, 67 So.2d 543; Aetna Casualty & Surety Co. v. St. Paul Mercury Indemnity Co., La.App., 107 So.2d 859; Crawley v. New Amsterdam Casualty Co., La.App., 107 So.2d 301; Gautreaux v. Faucheaux, La. *625 App., 105 So.2d 537; Moncrieff v. Lacobie, La.App., 89 So.2d 471; Dickson v. Peters, La.App., 87 So.2d 187; Parker v. Home Indemnity Co. of New York, supra; Morgan v. Domino, La.App., 166 So. 208; Wyble v. Lafleur, La.App., 164 So. 461; Thorgrimson v. Shreveport Yellow Cabs, Inc., La.App., 161 So. 49.
Plaintiff was himself guilty of concurrent negligence which was a proximate cause of the accident, and as a result of the joint negligence of both drivers, none of the parties to the suit may successfully recover their losses as set forth in their respective demands.
The status of the child, Pamela Roberts, is different. She was a guest passenger in the car driven by her mother, and whatever negligence Mrs. Roberts was guilty of cannot be imputed to the child. This doctrine is laid down in many cases and is too well recognized to require any attempt to cite authorities to the point. If any injuries to her had been proven, she would be entitled to a recovery on the demand asserted against the plaintiff for her use and benefit by her father. Although the reconventional demand interposed on her behalf alleges the impact of the collision caused the child to be thrown against the dashboard and as a result she suffered severe pain, mental anguish and inconvenience, there is no proof of this in the record.
After reading the meager and sketchy evidence of the alleged personal injuries to Pamela, we are not convinced that whatever slight injury she may have encountered is compensable. The only testimony tending to show injury and damage emanated from the child's father and reads thus:
"Q. What was the condition of your little daughter when you arrived at the scene? A. She was crying, and was `shook up.'
"Q. Did you observe any contusions or bruises or abrasions on her? A. Yes. She had a bump on her head. That is all I noticed at the time.
"Q. Did you discover any other injuries later on, after you left the scene? A. Well, she was bruised.
"Q. How about her behavior? A. You mean afterwards?
"Q. How long did she behave in connection with her injury, before becoming normal again? A. Just that one day.
"Q. In other words, in two (2) days she was all right? A. Yes."
This testimony concerning the child's injuries does not satisfy us that they were sufficiently serious as to justify any consideration by the court. The child was not taken to a doctor and was without medical treatment of any kind and she seems to have rapidly recovered. The Latin maxim "de minimis non curat lex" (the law cares not for small things) is applicable. See Curry v. Fendt, 94 So.2d 164; Bryant v. Parr, 86 So.2d 115; Elfer v. Hibernia Nat. Bank in New Orleans, 174 So. 287, all decided by this court. The fact that no doctor was called to treat Pamela is in itself strong evidence of the fact that the injury, if any, must have been slight. In the three cited cases the injuries complained of were "bumps" or "bruises."
For the reasons above assigned, the judgment appealed from insofar as it awards plaintiff damages against defendants and casts them for the payment of costs is reversed, and it is now ordered that said judgment be amended so as to dismiss plaintiff's suit; and as thus amended and in all other respects the judgment is affirmed. Plaintiff is to pay the cost of this appeal and also one-half of the costs of the lower court and defendants are to pay the other half thereof.
Reversed in part; amended and affirmed in part.
JANVIER, J., takes no part.