221 So.2d 583 (1969)
June Gibbons ROY
v.
Eddie J. EDMONSON, Vincent Dupuis, B. B. Burditt, A. J. Wetzel, Angel Cab Company and Nola Cab Company, Inc.
No. 3401.
Court of Appeal of Louisiana, Fourth Circuit.
April 7, 1969.
*584 Kenneth C. Hughes, Metairie, for June Gibbons Roy, plaintiff-appellee.
Robert J. Pitard, New Orleans, for B. B. Burditt, A. J. Wetzel, and Angel Cab Co., defendants-appellants.
Before REGAN, CHASEZ and GARDINER, JJ.
*585 CHASEZ, Judge.
This matter is before us on an appeal by defendants, B. B. Burditt and A. J. Wetzel, d/b/a Angel Cab Company, from a judgment rendered against them in favor of plaintiff June Gibbons Roy in the total sum of $1,317.50.[1]
The action arose out of an automobile-taxicab collision at the intersection of Eiseman and Fourth Streets in Marrero, Louisiana. The record discloses that plaintiff June Roy was a passenger in the taxi driven by Burditt and owned by Wetzel, doing business under the trade name of Angel Cab Company. The other vehicle involved in the accident was owned by Vincent Dupuis and was driven by Eddie J. Edmonson. Dupuis, Edmonson and Nola Cab Co. Inc. allegedly the insurer of Wetzel were made party defendants by the plaintiff along with Burditt and Wetzel. Prior to the trial below Dupuis died and by mutual agreement no substitution of parties was made for him. Judgment was rendered in favor of plaintiff, as stated above, against Burditt and Wetzel, and against plaintiff and in favor of Dupuis, Edmonson and Nola Cab Co., Inc., dismissing the suit as to them. Neither the plaintiff nor Edmonson nor Nola Cab Co., Inc. has appealed nor filed an answer to this appeal.
The record reveals the following facts concerning the accident. On February 4, 1965 at approximately 11:30 P.M. Burditt was driving the taxicab in question with June Roy as his only passenger on Fourth Street, a two-lane, two-way thoroughfare in Marrero, Louisiana. When he reached the intersection of that street and Eiseman Street he began to make a left turn onto Eiseman and in doing so collided with the car driven by Edmonson, which was in the act of passing from the rear.
Appellants contend that Edmonson's action in attempting a passing maneuver within an intersection was either the proximate or at least concurrent cause of the accident, and that Edmonson should have been held liable for the full amount of the plaintiff's claim or at least insolido with them as joint tort feasors. Additionally appellants contend the amount of the award to the plaintiff was so excessive that it constituted an abuse of the discretion allowed the trial judge in these matters.
We find that the record is abundantly clear that appellant Burditt, the driver of the taxi, was guilty of actionable negligence in this case. He himself admitted that at the time he began his left turn he simply failed to see the Edmonson vehicle which was then attempting to pass him. The cases are legion which stand for the proposition that a driver who attempts to make a left turn on the public highways or streets in this state must ascertain before turning that the turn can be made safely without endangering overtaking or oncoming traffic. Scott v. Hardware Dealers Mutual Insurance Co., 189 So.2d 29, La. App. 1 Cir. 1966; Ruple v. Traveler Indemnity Company, 129 So.2d 240, La.App.; Blanchard v. Ashby Construction Co., 95 So.2d 670, La.App. 1st Cir. 1957. The giving of a signal, which fact is disputed in the instant case, is immaterial if at the time the driver of the turning vehicle did not have the opportunity to make the turn in safety. Under the circumstances we find that the trial judge was correct in holding that Burditt, the driver of the taxi, was guilty of actionable negligence and a judgment against him and A. J. Wetzel, his employer and owner of the taxi, was proper under the facts herein.
On the other hand we agree with the appellants' alternative argument that the trial *586 judge erred in failing to find the other driver Eddie Edmonson guilty of concurrent negligence along with appellants, and hence liable as solidary obligors with them.
LSA-R.S. 32:76, subd. A(2) provides as follows:
"§ 76. Further limitations on passing on the left
A. No vehicle shall at any time be driven to the left side of the highway under the following conditions:
* * * * * *
"(2) when approaching within one hundred feet of or traversing any intersection or railroad grade crossing;
* * * * * *"
The jurisprudence is settled that this prohibition is applicable to city streets and not just the thoroughfares which are generally thought of by laymen to be the "highways" of this state. Nicolle v. Roberts, 117 So.2d 622 (La.App.Orl.1960); Parker v. Home Indemnity Co. of New York, 41 So.2d 783 (La.App. 2 Cir. 1949.)[2]
The record is clear that the defendant Edmonson was attempting the passing maneuver prohibited by this statute when the collision occurred. Further by his own admission he was exceeding the posted speed limit by 5 to 10 miles per hour. The violation of the statute prohibiting passing within an intersection constituted negligence per se. The statute is designed to prevent just such an accident as occurred. Herget v. Saucier, 223 La. 938, 67 So.2d 543 (1953); Nicolle v. Roberts, supra and numerous cases cited therein. We cannot determine with any certainty if the turning vehicle gave the prescribed turn indications before he began his maneuver, however under the facts of the instant case, this omission by the driver Burditt is of no consequence in deciding the question of Edmonson's liability. Clearly both were guilty of negligence in this matter and it was their concurrent negligence which was the cause of the accident herein. We might note at this point that the trial judge in considering the question of defendant Edmonson's negligence made these observations:
"Considering all of the evidence, the question of concurring negligence of Edmonson is resolved in his favor. He passed a slow moving vehicle after blinking his lights to indicate his intention. If he exceeded the posted speed limit, it was by a minimal amount and the excessive speed was not the proximate cause of the accident. Given the same set of facts except for a reduction of Edmonson's speed to 35 miles per hour, instead of 40 miles per hour, this accident would have happened anyway."
The trial judge apparently failed to consider the most important basis of Edmonson's negligence; that is Edmonson's violation of the passing ordinance. Had it been called to his attention we are confident that he would have felt compelled to find, as do we, that Edmonson was concurrently negligent in this case and thus liable in solido with the appellants as a joint tort feasor.
We turn now to a vexing problem which arises because of the legal situation of the parties to this suit. As we indicated earlier, this appeal was taken by B. B. Burditt and A. J. Wetzel, d/b/a Angel Cabs, the only parties cast in judgment by the lower court. The plaintiff has chosen not to answer the appeal, or to appeal herself from that part of the judgment which dismissed her suit as to the defendant Eddie Edmonson. We find that there is sufficient support in the jurisprudence to allow us to consider, as we have *587 done, the question of Edmonson's negligence insofar as it involves Wetzel and Burditt's claim for contribution from him as a joint tort feasor. Vidrine v. Simoneaux, 145 So.2d 400, La.App. 3 Cir. 1962; Emmons v. Agricultural Insurance Company, 245 La. 411, 158 So.2d 594; Murry v. Bankers Fire & Marine Insurance Company, 198 So.2d 532, La.App. 3 Cir. 1967. The rationale of these cases is summarized in the Murry decision as follows, at page 538:
"In Vidrine v. Simoneaux, La.App. 3 Cir., 145 So.2d 400, we held that one appellant defendant's appeal (Simoneaux) brought up before the appellate court the question of the solidary liability with him of another defendant (Stelly), an appellee who had been dismissed from the suiteven though Simoneaux had not filed a third party demand against Stelly, nor had the plaintiffs Vidrines appealed rejection of their claim against Stelly. We reasoned this result is necessary to effectuate the purposes of the 1960 amendment of Civil Code Article 2103, which was intended to prevent a plaintiff by inaction from depriving one solidary obligor of contribution from another, and that no useful purpose will be served by requiring the appellant obligor to institute separate proceedings subsequently to enforce contribution. 145 So.2d 405-406. The Supreme Court specifically approved our holding in this decision. Emmons v. Agricultural Insurance Co., at 158 So.2d 599."
On the other hand we find that the recent case of Barrios v. Noto, 215 So.2d 676, La.App. 4 Cir. 1968 (Writs refused) decided by this Court, stands for the proposition that the plaintiff cannot benefit from the appeal by other parties to the suit to the extent that he or she has allowed a part of the judgment to become final against him or her. Translating this rationale into the situation in the case herein, we find that although we can properly consider and find that defendant Edmonson's actions constituted negligence herein and thus he is liable for contribution to his cotort feasors Burditt and Wetzel as a solidary obligor, we cannot render a judgment now which would condemn him to pay damages to the plaintiff June Roy. June Roy's action in failing to bring an appeal from that part of the judgment which dismissed her claim as to Edmonson, renders that part of the judgment final as to her.
We note at this point that Nola Cab Co. Inc., made an original party defendant in the suit by the plaintiff, was dismissed from the suit by the judgment rendered by the trial court. There is no testimony or evidence in the record relative to Nola Cab Co. Inc., which would indicate the basis for plaintiff's original complaint against it, and no evidence was adduced which would support a judgment against it herein, as a possible solidary obligor with Burditt, Wetzel and Edmonson. It is well settled that the judgment of the trial court is presumed to be correct, absent any evidence in the record which would indicate to the contrary. Thus we will not disturb that part of the judgment in favor of Nola Cab Co. Inc., dismissing it from this suit.
Finally we reach the portion of this appeal dealing with the question of quantum. Appellants contend that an award of $1,317.50 to the plaintiff for her pain and suffering, medical expenses and loss of wages was so excessive as to constitute an abuse of the much discretion accorded the trial judge in these matters.
We cannot agree with this contention. The trial judge indicated in his reasons for judgment that the award represented an amount of $1,000.00 for physical pain and suffering; $167.00 for medical expenses; and $150.00 for loss of wages.
The record reveals that as a result of the collision plaintiff suffered contusions and sprain of the lumbosacral area and contusions of the left leg. She was admitted to the hospital immediately after the accident complaining of severe pain in those areas. She remained in the hospital *588 for a period of four days and was released on the finding that her condition had considerably improved. Plaintiff admitted that she was able to return to work two weeks after the accident and has been employed continuously since that time. There is some evidence that plaintiff did see her personal physician on several occasions after her return to work but this evidence is not strong enough to find that she suffered any residual disability, pain or discomfort as a result of the accident since the date of her return to work. We find that an an award of $1,000.00 to plaintiff for her pain and suffering under these acts did not constitute an abuse of the much discretion allowed the trial judge.
Appellants do not dispute the award of $167.00 as special damages for the medical bills plaintiff incurred. We are of the opinion that the record adequately supports an award in this amount.
We note in passing that the record is not clear as to the plaintiff's marital status, which would affect her right to claim in her own name the special damage herein. We find however that even if plaintiff is a married woman not judicially separated from her husband, she had been living apart from him for a long period of time prior to the accident and she personally obligated herself to pay the medical bills. Thus we find she was able to claim these damages in her own name. Roper v. Brooks, 201 La. 135, 9 So.2d 485 (1942).
The award to plaintiff of $150.00 for loss of wages is not seriously disputed. Her former employer testified as to the length of time she was out of work and her salary during this period. The trial judge was not pleased with his testimony in this regard but did accept plaintiff's own statement that she missed just two weeks of work and the wages for this time. We find this evidence was sufficient to support the award to plaintiff of $150.00 for her loss of wages.
For the reasons hereinabove assigned, the judgment appealed from is amended to grant judgment herein in favor of appellants B. B. Burditt and A. J. Wetzel, d/b/a Angel Cab Company, against defendant Eddie J. Edmonson, condemning the latter, as a joint or co-tort feasor, to contribute to appellants one-half of the amount paid by appellants to plaintiff, June Gibbons Roy, for the purpose of satisfying the judgment appealed from and to share equally in the payment of all costs with appellants. Except as specifically amended or changed, the judgment appealed from is affirmed; appellants B. B. Burditt and A. J. Wetzel, d/b/a Angel Cab Company, and defendant Eddie J. Edmonson to share the costs of this appeal.
Amended, and as amended affirmed.
NOTES
[1] The judgment appealed from lists B. B. Burditt, A. J. Wetzel and Angel Cab Company as the parties cast therein. It is obvious however from the Court's Reasons for Judgment and from the briefs filed by all parties in this Court that Angel Cab Company is simply a trade name used by defendant A. J. Wetzel and is not a separate legal entity. Hence we will deal with these parties in that light in this appeal and cast out judgment accordingly.
[2] These cases were decided prior to the adoption of the current Louisiana Highway Regulatory Act of which LSA-R.S. 32:76, subd. A(2) is but a subsection; however there is no material difference between this cited subsection and its prior source provisions insofar as the instant case is concerned.