CHEHARDY, Judge.
Joseph P. Touchette sued Brian C. Braud and the American International Insurance Company for injuries, property damage and lost wages that he sustained as a result of an automobile accident.
Defendants appeal from a judgment in the amount of $3,896.38, together with legal interest and all costs of the proceeding. The trial court found that the accident was caused by the gross negligence of Braud, who, while exceeding the speed limit, tried to pass the Touchette vehicle at an intersection.
The accident happened on July 5, 1976 at the intersection of Huey P. Long Street and Mason Street in Gretna, Louisiana. Both vehicles were travelling north on Mason Street, a two-lane undivided street with a lane going in each direction, north and south.
When plaintiff reached the intersection, he came to a dead stop and then turned left onto Huey P. Long Street, which at that point is a dead-end street approximately a block and a half long. He also testified that he neither looked to the rear nor did he turn on his signal light.
Braud’s wife, who was a passenger in the defendant’s vehicle, testified that Braud then attempted to pass the plaintiff in the southbound lane of traffic, and the collision occurred.[1] Plaintiff’s witnesses testified that Braud’s vehicle struck the left rear of the plaintiff’s vehicle in the southbound lane of traffic as the plaintiff had almost completed his turn. Mrs. Braud did not contradict this testimony but stated that she “couldn’t see that part.’’
The investigating officer, Dennis Dunn, testified that Braud had admitted to him at the scene of the accident that he was travelling approximately 28 miles per hour in what was a 25-mile-per-hour zone.
*274 The issue before this court is whether the trial court erred in finding Braud guilty of gross negligence and in not finding plaintiff guilty of contributory negligence.
The law is clear regarding the responsibility of a passing vehicle when approaching an intersection under circumstances similar to this case. LSA-R.S. 32:76 states in part:
“A. No vehicle shall at any time be driven to the left side of the highway under the following conditions:
ifc ifc * S)C * *
2) when approaching within one hundred feet of or traversing any intersection or railroad grade crossing * * (Emphasis ours.)
In the interpretation of this statute, the court in Roy v. Edmonson, 221 So.2d 583, 586 (La.App. 4th Cir. 1969), said:
“The jurisprudence is settled that this prohibition is applicable to city streets and not just the thoroughfares which are generally thought of by laymen to be the ‘highways’ of this state. Nicolle v. Roberts, 117 So.2d 622 (La.App.Orl.1960); Parker v. Home Indemnity Co. of New York, 41 So.2d 788 (La.App. 2 Cir. 1949.)”
The defendant Braud also admitted to Officer Dunn at the accident scene that he was exceeding the speed limit by at least several miles per hour. In commenting on a situation similar to the present case, the court also said in Roy, supra, at page 586:
“The record is clear that the defendant Edmonson was attempting the passing maneuver prohibited by this statute when the collision occurred. Further by his own admission he was exceeding the posted speed limit by 5 to 10 miles per hour. The violation of the statute prohibiting passing within an intersection constituted negligence per se. The statute is designed to prevent just such an accident as occurred. Herget v. Saucier, 223 La. 938, 67 So.2d 543 (1953); Nicolle v. Roberts, supra and numerous cases cited therein. * * * >1
Defendants argue that exceeding a fixed speed limit does not, itself, constitute negligence where it has no causal connection to the accident in question, citing Tallo v. Johnson, 255 So.2d 446 (La.App. 1st Cir. 1971). Such is not the case here. It is reasonable to assume, since Touchette’s car had almost completed the turn at the time of impact, that had Braud been travelling at a slightly reduced speed, he would have missed Touchette’s vehicle completely. There was a causal connection between Braud’s exceeding the speed limit and the occurrence of the accident.
Defendants further contend that, in any case, plaintiff was guilty of contributory negligence in failing to give a turn signal and in failing to look behind and that such negligence was also a proximate cause of the accident. We do not agree.
The law is clear regarding the duty of left-turning motorists. The court said in Adams v. Travelers Indemnity Company, 277 So.2d 685, 687 (La.App. 2d Cir. 1973):
“A motorist who attempts a left turn or who attempts to turn from a direct line on the public highways of the state must ascertain in advance that the turn can be made without endangering normal overtaking or oncoming traffic. The giving of a signal is not the only burden placed on the motorist for he must, in addition, check the rear immediately before the turn is attempted to ascertain whether it can be executed safely. See Wesley v. Home Indemnity Co., 245 La. 133, 157 So.2d 467 (1963); Johnson v. Wilson, 239 La. 390, 118 So.2d 450 (1960); Nain v. State Farm Mutual Automobile Insurance Co., 241 So.2d 792 (La.App. 3d Cir. 1970); Hayes v. Travelers Indemnity Company, 213 So.2d 119 (La.App. 3d Cir. 1968); Nugent v. Glover, 205 So.2d 129 (La.App. 1st Cir. 1967); LSA-R.S. 32:104.
“The law is equally clear that a motorist has the unquestioned right to assume the following traffic will observe all the duties imposed on it by law and common sense, such as that the following traffic will proceed within the speed limit and will not pass at an intersection where passing is prohibited; and moreover, that *275 the drivers of such vehicles are keeping a proper lookout. See Porter v. Sprawls, 227 So.2d 792 (La.App. 4th Cir. 1969); Procell v. Strange, 203 So.2d 739 (La.App. 3d Cir. 1967); Breland v. American Insurance Company, 163 So.2d 583 (La.App. 2d Cir. 1964); Faulkner v. Ryder Tank Lines, Inc., 135 So.2d 494 (La.App. 2d Cir. 1961).”
It is undisputed that Touchette did not signal nor did he look to the rear prior to commencing his turn, and therefore did not fulfill this duty placed on left-turning motorists.
However, as the court pointed out in Scrantz v. Aetna Casualty and Surety Company, 281 So.2d 820 (La.App. 1st Cir. 1973), in automobile accidents each case must stand on its own peculiar facts and the essential inquiry in each of the cases referred to is whether the left-turning motorist was a proximate cause of the accident or in any way contributed thereto.
Defendants cite a myriad of cases where a plaintiff was held contributorily-negligent for either failing to give a turn signal or failing to keep a proper lookout, neither of which was done by the plaintiff in the present case. However, in each of these cases plaintiff’s action was held to be a proximate cause of the accident. We cannot agree, however, that such is true in the instant case.
It was established that Braud’s vehicle was travelling at a speed of approximately 28 miles per hour and that Touchette commenced his turn from a dead stop. It was also established that plaintiffs car was hit on the left rear by defendant’s vehicle when the plaintiff had completed or almost completed his turn. The defendant should have seen the turning vehicle in enough time to stop, regardless of whether the plaintiff had signalled the turn.
Plaintiff also cites the case of Ulmer v. Travelers Insurance Company, 156 So.2d 98 (La.App. 1st Cir. 1963), wherein a plaintiff’s failure to look to the rear immediately before turning was held to be contributory negligence, even though the plaintiffs car was struck just before he cleared the highway. That case is, however, distinguishable from the present case since in Ulmer, supra, the highway on which the vehicles were travelling had a speed limit of 60 miles per hour, and the defendant admitted to travel-ling at a speed of approximately 40 miles per hour.[2] Moreover, the defendant’s car was in the process of passing the plaintiffs vehicle and two other vehicles behind the plaintiff. Had the plaintiff in Ulmer, supra, looked to the rear immediately prior to turning, therefore, he certainly would have seen the oncoming vehicle, which was already in the process of passing two other cars. As noted previously, the factual circumstances do not indicate that such would have been the case here.
Defendants properly observe, and we recognize, that on appeal “the appellate review of facts [in civil cases] is not completed by reading so much of the record as will reveal a reasonable factual basis for the finding in the trial court; there must be a further determination that the record establishes that the finding is not clearly wrong (manifestly erroneous).” Arceneaux v. Domingue, 365 So.2d 1330 (La.1978).
However, in the instant case, a study of the entire record does reveal a reasonable factual basis for the trial judge’s finding and establishes that his decision is supported by the facts.
For the ljpasons assigned the judgment appealed from is affirmed. Defendants-appellants are to pay all costs of this appeal.

AFFIRMED.

. Braud did not testify. His wife said he was working offshore and was prevented by the weather from coming in to testify. In their brief defendants state that there was a pre-trial agreement that no inference would be drawn from his absence in lieu of a continuance.

. See Porter v. Sprawls, 227 i.2d 792 (La.App. 4th Cir. 1969).