LOTTINGER, Judge.
These two consolidated appeals arise from an automobile-motorcycle collision occurring on July 4, 1980 at the corner of Fairfields Avenue and East Belfair in East Baton Rouge Parish. The driver of the motorcycle, Ronald Hinton, sued Mable Burton, the driver of the automobile, and her liability insurer, Dairyland Insurance Company. Ms. Burton and her passenger, Corrine Samuels, sued Hinton and asserted uninsured motorists coverage by Dairyland in connection therewith. The trial court found that both Ronald Hinton and Mable Burton were at fault; thus, Hinton’s suit against Ms. Burton and Dairyland was dismissed, as was Ms. Burton’s suit against Hinton and Dairylands (for UM Coverage.) However, in the second suit, Corrine Samu-els was granted recovery against Hinton and Dairyland in the amount of $1,940.00. Ronald Hinton has filed devolutive appeals from judgment in both suits.[1]
The accident occurred while Hinton was following the Burton vehicle in a westerly direction on Fairfields Avenue in Baton Rouge. Ms. Burton testified that she was aware that plaintiff was behind her car on his motorcycle, and that about one-half block away from East Belfair, she activated her left turn signal. When she attempted to turn left onto East Belfair, Hinton’s motorcycle collided with the back door of the Burton vehicle on the driver’s side. Hinton testified that he saw no turn indicator or brake lights emanating from the vehicle. He also testified that prior to attempting a left turn, Ms. Burton slowed down and her vehicle moved to the right as if turning right onto West Belfair, which is offset some distance from the intersection with East Belfair.
The investigating City Police officer testified that when the accident occurred, the Burton vehicle had crossed partially into the oncoming eastbound lane. After the accident the officer found that the left turn signal light was not working; the bulb was partially out of place and the light did not operate until someone jiggled its wire, located in the trunk.
The trial court found that Hinton attempted to pass the Burton vehicle in an intersection in violation of La.R.S. 32:76, subd. A(2), and that same was a contributing cause of the accident. The trial court recognized that the impact might have caused the left turn light on the Burton vehicle to become inoperative; but, on the *195 basis of Hinton’s testimony and that of the officer, found that an inoperative left turn indicator was a contributing cause of the accident, barring Ms. Burton’s recovery. However, since Ms. Samuels was in no way at fault, she was allowed to recover for her injuries, consisting of a hematoma of the forehead, and cervical and lumbar strain.
SPECIFICATIONS OF ERROR
Plaintiff-defendant-appellant, Ronald Hinton, assigns the following specifications of error:
1.
The trial judge committed manifest error in finding that Hinton was negligent and that such negligence was a contributing cause of the accident sufficient to bar his recovery.
2.
The trial judge committed manifest error in not finding that Mable Burton breached her duty as a left turning motorist and that her breach of duty was the sole proximate cause of the accident.
3.
In the alternative, the trial Judge committed manifest error in not finding that Mable Burton had the “last clear chance” to avoid the accident.
I
The trial court found as fact that Hinton attempted to pass at an intersection, in violation of La.R.S. 32:76, subd. A(2),[2] and found such violation was negligence per se. Hinton asserts that the finding of negligence was in error.
Hinton testified at trial that because Ms. Burton’s vehicle moved to the right prior to turning left, he was able to overtake the vehicle without swerving to the left and without changing lanes. He also testified that at all times his motorcycle remained in his lane of travel. Since La.R.S. 32:76 prohibits one from driving his vehicle on the left side of the highway under certain circumstances, Hinton could have conceivably argued that he did not violate the statute because he stayed within the westbound lane.
However, the finding of the trial court that Hinton violated La.R.S. 32:76, subd. A(2) inferentially includes a factual finding that Hinton’s motorcycle crossed over into the eastbound lane. We cannot say that such a finding is manifestly erroneous or clearly wrong, in light of testimony of the attending police officer that the Burton vehicle had partially crossed the center line when the accident occurred. Indeed, appellant’s brief does not take issue with the trial court’s ruling that appellant violated the statute.
It is well-settled that a violation of La.R.S. 32:76, subd. A(2) constitutes negligence per se. Rills v. Southern Bell Telephone Company, 289 So.2d 232 (La.App. 1st Cir.1973); Roy v. Edmonson, 221 So.2d 583 (La.App. 4th Cir.1969); Normand v. American Home Assurance Company, 171 So.2d 804 (La.App. 3rd Cir.1965) writ ref. 247 La. 677, 173 So.2d 542 (1965). This is so regardless of whether Ms. Burton’s left turn signal was inoperative, Roy, supra, LeLeux v. Travelers Insurance Company, 162 So.2d 417 (La.App. 3rd Cir.1964). Hinton argues that there was no showing that such negligence was the proximate cause of the accident. We disagree. Had Hinton waited to pass until after the Burton vehicle cleared the intersection (either by turning in either *196 direction or by proceeding ahead), the accident which resulted would have been prevented, even in the absence of a turn signal. Such accidents are within the scope of protection afforded by La.R.S. 32:76, and the trial court did not err in finding that Hinton’s negligence caused the accident.
II
Hinton argues that the negligence of Mable Burton was the sole cause of the accident. We are of the opinion, under the facts found by the trial judge, that Ms. Burton’s failure to keep operative her turn indicator contributed to the accident, but was not the sole cause of the accident. Just as Ms. Burton’s negligence bars her recovery, Hinton’s negligence in passing at an intersection is a complete bar to his recovery.
III
Hinton asks that the doctrine of “last clear chance” be applied so as to have him prevail in both suits. However, this doctrine, when applicable, represents only an exception to the general rule that contributory negligence bars plaintiff’s recovery; thus, the doctrine cannot operate as a defense for Hinton in the suit against him. For the doctrine to apply, plaintiff must prove: that he was in a position of peril of which he was unaware or from which he could not extricate himself, that defendant actually discovered or should have discovered the peril, and that after discovering the peril, defendant had an opportunity to avoid the accident. Patin v. State Farm Insurance Co., 395 So.2d 466 (La.App. 3rd Cir.1981); Carmouche v. Capitol Transportation Corp., 306 So.2d 907 (La.App. 1st Cir.1974), writ ref. 309 So.2d 681 (La.1975).
Ms. Burton testified that when she activated her left turn signal, she looked into both her rear view and side mirrors. She saw Hinton in the rear view mirror but not in the side mirror. Assuming that he would not attempt to pass in the intersection, Ms. Burton commenced her left turn. Only at this point did Hinton attempt to pass. Thus, at the time Hinton found himself in an inextricable position of peril, Ms. Burton was already executing her turn, and in so doing, could not thereafter have discovered Hinton or reasonably avoided the accident. We therefore find the doctrine of “last clear chance” is inapplicable under the circumstances.
IV
Inasmuch as the trial court found both Hinton and Ms. Burton negligent, and the acts of both contributed to the accident, then vis-a-vis Corrine Samuels, the passenger in the Burton vehicle, Hinton and Ms. Burton were joint tortfeasors. However, as a joint tortfeasor, Hinton is liable in solido to Ms. Samuels, and inasmuch as contribution is not at issue on appeal, we affirm the judgment of the trial court in all respects.
DECREE
Therefore, in No. 82 CA 0317, judgment of the trial court in favor of Mable Burton and Dairyland Insurance Company, dismissing the claim of Ronald Hinton, is hereby affirmed. In No. 82 CA 0318, judgment of the trial court in favor of Corrine Samuels and against Ronald Hinton and Dairyland Insurance Company, and dismissing the claim of Mable Burton, is hereby affirmed. All costs of these appeals are assessed to plaintiff-defendant-appellant, Ronald Hinton.
AFFIRMED.

. In No. 82 CA 0318, Dairyland moved to dismiss Hinton’s appeal in the suit by Ms. Burton and Ms. Samuels, on the grounds that the appeal was mooted by Dairyland’s obtaining a satisfaction of judgment, releasing it and Hinton, from Ms. Samuels. The motion to dismiss was denied, this court finding that Hinton still had an interest in having overturned the ruling of the trial court that he was negligent. 426 So.2d 192 (La.App. 1st Cir.1982).

. La.R.S. 32:76 reads:
“A. No vehicle shall at any time be driven to the left side of the highway under the following circumstances:
(1)when approaching the crest of a grade or upon a curve in the highway, where the driver’s view is obstructed within such distance as to create a hazard in the event another vehicle might approach from the opposite direction;
(2) when approaching within one hundred feet of or traversing any intersection or railroad grade crossing;
(3) when the view is obstructed upon approaching within one hundred feet of any bridge, viaduct, or tunnel.
“B. The foregoing limitations shall not apply upon a one-way roadway or a multiple lane highway nor to the driver of a vehicle turning left into or from an alley, private road, or driveway.”