487 So.2d 616 (1986)
Yolanda Segui, wife of/and Rafael SEGUI
v.
Thomas G. ANTHONY, Jr., et al.
No. CA-4770.
Court of Appeal of Louisiana, Fourth Circuit.
April 11, 1986.
Writ Denied June 6, 1986.
*617 Romualdo Gonzalez, Murray, Braden, Gonzalez & Richardson, New Orleans, for plaintiffs/appellants.
Melanie Shaw, Henican, James & Cleveland, Metairie, for defendants/appellees Thomas G. Anthony, Jr. and Stonewall Jackson Cas. Ins. Co.
Owen A. Neff, Peter S. Title, Sessions, Fishman, Rosenson, Boisfontaine, Nathan & Winn, New Orleans for defendant/appellee State Farm Mut. Auto. Ins. Co.
Before KLEES, CIACCIO and LOBRANO, JJ.
LOBRANO, Judge.
Plaintiff (Mr. & Mrs. Segui) and defendant (Thomas G. Anthony, Jr.) gave different versions as to how their automobile accident occurred. From a lower court judgment which found plaintiff 75% negligent and defendant 25% negligent, plaintiff perfects this appeal. She asserts the trial judge was in error in failing to use her interpreter, in his assessment of liability and quantum.
The accident occurred at or near the intersection of Dumaine and Picheloup Streets in the City of New Orleans. The record is clear that both drivers turned on to Dumaine from Carrollton Avenue and were both proceeding in the same southerly direction. At the point where the accident occurred, Dumaine is a two lane, two way street that has no center dividing line. According to plaintiff, as she approached Picheloup Street she slowed her car, put on her left turning signal, awaited for oncoming traffic to clear and turned left on Picheloup. As she was about half way into her turn, defendant, in an attempt to pass, hit the left side of her vehicle. She claims her vehicle was damaged at both doors on the left side.
Defendant testified that he also was proceeding south on Dumaine Street. He noticed plaintiff's vehicle completely stopped half way into the parking lane on the right side of Dumaine Street. He observed plaintiff moving about in the vehicle and feared she would open the door of her vehicle as he passed. He slowed, tapped his horn and just as he attempted to pass her she pulled out catching his right front bumper. He testified he pulled hard to the left and "paralled" her vehicle until they both stopped. His testimony reflects that the initial impact occurred from 15 feet to 30 feet from the intersection with Picheloup.
The police officer who investigated the accident arrived about one-half hour later. His testimony, and accident report shows the vehicles came to rest in the intersection. He also testified that defendant told him he was struck by plaintiff as he was attempting to pass on the left when she made a left turn. The officer also acknowledged that the vehicles, after impact, would normally travel some distance. Defendant denies he made the statement to the officer, and asserts the vehicles came to rest a short distance before the intersection.
Also introduced in evidence, over plaintiff's objection were three photographs taken by defendant which shows the damage to both vehicles.
The trial court in its reasons for judgment stated that "after listening to the *618 testimony and statements made by the parties involved ... and looking at the photos... it shows that the plaintiff's car was the point of impact seems to have been the left front wheel or the left front side of the car by the wheel, and probably just under the wheel as it began and scraped along that way, which appears to show the version as given by the defendant is more probable than that given by the plaintiff. And the Court therefore gives greater credibility to that of the defendant than of the plaintiff".
Plaintiff speaks Spanish and very little English. Plaintiff's attorney is fluent in both Spanish and English. He complains that the trial court erred in using its own interpreter rather than one hired by plaintiff. Although the record is unclear as to what were the credentials of the interpreter utilized by the Court, the trial judge was satisfied with her abilities. The essence of plaintiff's argument is that "something was loss in the translation" of plaintiff's testimony and therefore the trial judge could not properly assess her credibility. After a reading of her testimony we find very few errors pointed out by her attorney. There were definitely no serious errors shown.
We recognize that there are no statutory prerequisites with respect to the use of an interpreter for a person who speaks a foreign language. Article 192.1 of the Code of Civil Procedure deals with a witness who is deaf or hard of hearing. The only prerequisites under that article are that the interpreter be "qualified" and that he take an oath. Absent any showing of prejudicial error, we believe the issue concerning an interpreter should be addressed by the Legislature and not this Court.
With respect to the trial court's ultimate liability determination we find no manifest error. It is well recognized that the fact finder's role is to weigh the credibility of witnesses, resolve conflicts and inconsistencies in testimony, and in the absence of manifest error, an appellate court will not disturb that decision.
Under either version of this case, both parties had legal obligations. Plaintiff, as a left turning motorist, had a duty to ascertain in advance that her left turn could be made without endangering normal overtaking or oncoming traffic. Making a left turn is a dangerous operation and shall not be done until it can be done safely. Touchette v. Braud, 382 So.2d 272 (La. App. 4th Cir.1980). Defendant, on the other hand had a duty to avoid passing on the left within fifty feet (Sec. 38-88 of the Code of City of New Orleans) or one hundred feet (La.R.S. 32:76) of an intersection.
The record substantiates the trial judge's credibility call. The photograph of plaintiff's car clearly shows the point of impact to be near or at the front wheel which substantiates defendant's version. Plaintiff's complaint about the introduction of the photographs is directed mainly at the two which depicts defendant's vehicle. His argument is directed at their probative weight rather than their admissability. We can ignore the pictures of defendant's vehicle (which the trial judge apparently did) and still conclude there was no manifest error in his findings. In a comparative negligence case the determination of percentages of fault is a factual determination and will not be disturbed absent manifest error. Triangle Trucking Co. v. Alexander, 451 So.2d 638 (La.App. 3rd Cir.1984).
Lastly, plaintiff argues that the assessment of damages is too low. The trial court found plaintiff's injury to be worth $5,500.00, and awarded judgment based on defendant's 25% negligence. ($1,375.00)
Plaintiff was initially treated by Dr. Pedro Angulo, a general practitioner. He diagnosed her injury as a moderate cervical strain, and a mild lumbosacral sprain. Her complaints were stiffness in the neck, lower back, numbness in left hand and vomiting. X-rays reveal no objective findings. Dr. Angulo prescribed physical therapy and pain pills. She was discharged by him on June 3, 1983. She returned on July 16, 1983 with continued complaints of numbness and pain in her left arm. He referred *619 her to Dr. Correa, a neurologist for further treatment.
Plaintiff first visited Dr. Correa on August 23, 1983. Shortly thereafter, in September, additional X-rays were taken. Dr. Correa testified that the X-rays showed a straightening of the neck and a slight loss of cervical lordosis suggesting early muscle spasm. Otherwise, it was normal. He concluded that the plaintiff was dealing with a muscle ligament condition, and possibly some nerve root involvement. She was treated conservativelymainly heat and massage, and discharged on November 22, 1983. On discharge, her prognosis was good.
It is well settled in Louisiana law that the standard of review by an appellate court of a damage award is whether the trier of fact abused his much discretion. Only if an articulated analysis of the pertinent facts disclose an abuse of that discretion may the award be considered insufficient or excessive. Reck v. Stevens, 373 So.2d 498 (La.1979). We do not find the award to be such an abuse of the trial court's discretion as to warrant our disturbing same.
The judgment is affirmed. Appellant to pay the cost of this appeal.
AFFIRMED.