506 So.2d 818 (1987)
Alverta WESTON
v.
BAYOU SALE CONTRACTORS, INC., Fred Slaw and United States Fidelity and Guaranty Company.
No. CA 86 0203.
Court of Appeal of Louisiana, First Circuit.
April 14, 1987.
Allen R. Ingram, Law Offices of Ingram & Baker, Lafayette, for appellant Alverta Weston.
James B. Supple, Bauer, Darnall & Boudreaux, Franklin, for appellees.
Before EDWARDS, WATKINS and Le BLANC, JJ.
Le BLANC, Judge.
This appeal involves an automobile accident which occurred in St. Mary Parish, Louisiana. Plaintiff appeals the judgment rendered in her favor on the issue of quantum.

FACTS
On January 23, 1984, at approximately 11:30 a.m., plaintiff was driving her vehicle in an easterly direction when a car owned by Bayou Sale Contractors and driven by Fred Slaw collided with plaintiff's vehicle.
Trial was held on July 1, 1985, in which the trial court found that the defendant, Fred Slaw, failed to stop for the stop sign at the intersection of Louisiana Highway 182 and Louisiana Highway 3211, thereby causing the accident and plaintiff's injuries. Judgment was rendered in favor of the plaintiff as follows:

*819
Loss of wages........................... $ 4,020.00
General damages......................... 7,500.00
Special damages......................... 11,930.05
Future medical expenses................. 0,000.00
 __________
 Total................................ 23,450.05

Plaintiff appeals the trial court's verdict, seeking an increase in quantum.

Standard of Review
The trier of fact is given great discretion in the award of damages and the decision by the trial court should be affirmed unless the award represents an abuse of discretion. Only after making the finding that the record supports that the lower court abused its discretion can the appellate court disturb the award, and then only to the extent of lowering it (or raising it) to the highest (or lowest) point which is reasonably within the discretion afforded that court. Coco v. Winston Industries, Inc., 341 So.2d 332 (La.1976).

Assignment of Error No. 1
Plaintiff contends that the trial court abused its discretion in awarding $7,500.00 in general damages for past, present, and future pain and suffering, and disability.
On the day of the accident, plaintiff was taken to Franklin Foundation Hospital and examined by Dr. Louis H. McCormick. Dr. McCormick diagnosed Ms. Weston's injuries as contusions to the forehead and right upper arm, abdominal wall muscle and acute cervical and lumbosacral strains. He also noted the presence of mild muscle spasms in her neck and back. Ms. Weston remained in the hospital for five days and was released on January 27, 1984.
On January 31, 1984, Dr. McCormick examined Alverta Weston for the last time. He indicated that she had sustained no major organ damage; she was not a candidate for a myelogram or discogram; heavy medication was no longer required; and the mild spasms which he diagnosed in the hospital were coming along in the appropriate fashion that he expected and he did not anticipate any significant future problems. Dr. McCormick thought that by mid-March, 1984, Ms. Weston would be able to return to work as a dishwasher at Columbia Plantation Store.
On February 3, 1984, without being discharged from Dr. McCormick, Ms. Weston went to Dr. Louis Blanda, an orthopedist, who found mild muscle spasms in her neck and back. Dr. Blanda saw Ms. Weston several times after the initial visit. She was complaining of pain in her neck, back, arms and leg. Dr. Blanda performed almost every diagnostic test known to modern medicine on Ms. Weston which might conceivably relate to her complaints. All of the tests and the testimony of all of the doctors was unanimous that there was absolutely no objective manifestation of any abnormality which would cause the plaintiff the pain of which she complained.
The trial court listened to varying testimony concerning the pain and suffering allegedly experienced by the plaintiff. The court chose to believe the testimony of the physicians who treated Ms. Weston and the testimony of Mr. William Kyle, Ms. Weston's employer, rather than the testimony of Ms. Weston's sister and boyfriend. Where there is a conflict in testimony, reasonable evaluations of credibility and reasonable inferences of fact will not be disturbed even though this court may deem other inferences and evaluations to be as reasonable. Canter v. Koehring Co., 283 So.2d 716 (La.1973).
After a thorough review of the record and previous general damage awards for injuries of the same nature as those sustained by Alverta Weston, we do not find that the trial court abused its discretion; therefore, the award of $7,500.00 in general damages is affirmed. See Tindall v. Kampen, 492 So.2d 1274 (La.App. 4th Cir. 1986) (acute cervical and lumbosacral sprain, muscle spasms)$5,100.00 general damages; Collins v. Natchitoches Parish Hospital, 493 So.2d 902 (La.App. 3rd Cir.), cert denied, 496 So.2d 1041 (La.1986) (lumbosacral strain, back pain)$7,000.00 general damages; LaBauve v. Central Mut. Ins. Co., 491 So.2d 146 (La.App. 3d Cir. 1986) (mild ligament strain, subjective findings $3,700.00 general damages); Segui v. Anthony, 487 So.2d 616 (La.App. 4th Cir.), cert denied, 489 So.2d 252 (La.1986) (mild lumbrosacral sprain, moderate cervical *820 strain, x-rays showed no objective findings) $5,500.00 general damages.

Assignment of Error No. 2
Appellant contends the trial court erred in awarding lost wages from the date of the accident until December, 1984.
At the time of the accident, plaintiff was in training at Columbia Plantation Store Restaurant earning $3.35 per hour. She had worked approximately three weeks when the accident occurred.
In Dr. McCormick's deposition, he stated that he thought Ms. Weston would be able to return to work as a dishwasher at the restaurant by mid-March 1984. Plaintiff did not return to work in March of 1984, but did return to work in December, 1984 at Diamond Reef Seafoods.
In its reasons for judgment, the court found that Ms. Weston was capable of returning to work in December, 1984; therefore, it awarded her lost wages from the date of the accident until December, 1984.
We do not find this conclusion to be manifestly erroneous; therefore, the trial court's award of $4,020.00 in lost wages is affirmed.

Assignment of Error No. 3
Appellant contends that the trial court erred in failing to award future medical expenses.
It is fundamental that future medical expenses, like any other element of damages, must be established with some degree of certainty. Simon v. Smith, 470 So.2d 941 (La.App. 3d Cir.), writ denied, 476 So.2d 353 and 476 So.2d 355 (La.1985). Awards will not be made for future medical expenses which may or may not occur in the absence of medical testimony that they are indicated and setting out their probable cost. Head v. St. Paul Fire & Marine Ins. Co., 408 So.2d 1174 (La.App. 3d Cir.), writ denied, 412 So.2d 99 (La.1982).
In the present case, the trial court rejected appellant's claim for any future medical expenses beyond those incurred up to the date of the trial. Dr. Louis Blanda found on his first examination of Ms. Weston that she suffered from mild muscle spasms. After the first visit, Dr. Blanda could find nothing wrong with her; therefore, he referred her to Dr. Thomas LaBorde, a rehabilitation physician. Dr. LaBorde also found no objective manifestations of pain.
The only testimony in support of future medical expenses was Dr. LaBorde's statement that he feels a stay at a pain clinic would be good medical practice. There was no evidence presented to sufficiently establish the cost of the pain clinic or other future medical expenses.
After hearing all of the evidence and testimony presented, the trial court found that plaintiff failed to prove the necessity of awarding future medical expenses. We cannot say this finding is clearly wrong; therefore, this assignment of error is without merit.
For the foregoing reasons, we affirm the trial court's decision at appellant's cost.
AFFIRMED.