508 So.2d 936 (1987)
Sonia WOMACK
v.
HOUSING AUTHORITY OF NEW ORLEANS, and Republic Insurance Company.
No. CA 6313.
Court of Appeal of Louisiana, Fourth Circuit.
June 3, 1987.
Joseph F. LaHatte, Jr., New Orleans, for appellant.
Robert W. Drouant, Heisler & Wysocki, New Orleans, for appellee.
Before SCHOTT, CIACCIO and LOBRANO, JJ.
CIACCIO, Judge.
Plaintiff broke her ankle when she slipped and fell down the outside cement steps of an apartment building owned by defendant. The fracture healed without any unusual consequence. The trial court found the steps defective and assessed fault one-third to plaintiff and two-thirds to defendant. The court found plaintiff's total damages amounted to $13,471.00 and rendered judgment against defendant for two-thirds of that amount.
Defendant appealed complaining of the court's finding of fault and assessment of two-thirds of the fault to defendant, and *937 that the award is excessive. Plaintiff answered the appeal complaining of the assessment to her of one-third of the fault. We affirm the district court judgment.

FACTS
For a considerable amount of time plaintiff had been carpooling to work with fellow workers. On the morning of this accident plaintiff followed her routine of walking to her co-worker's apartment and waiting for another co-worker to arrive in her car in which they would all ride to work. On this morning she ascended the steps without incident. It was not raining, and she testified that at this time the steps were clean and dry.
When their ride arrived blowing the horn plaintiff and her co-worker left the apartment with plaintiff in the lead. As plaintiff began to descend the steps her right foot slipped and she fell down the steps breaking her left ankle. At this time the steps were wet, but there is no evidence of when, how, why, with what, or by whom the steps became wet.
A safety expert called by plaintiff testified that the steps were substandard under the New Orleans Building Code and all applicable safety codes in effect at the time of trial and at the time the steps were built. The substandard aspects to which he made particular reference were the absence of handrails, the absence of non-skid nosing on the front of each step, and the steps' state of disrepair, particularly a gouge approximately 1¼" deep and 5" wide at the front edge of the top step, the landing, approximately 30" from the side toward the middle of the step. He also made reference to the slipperiness of the smooth trowel finish of the steps when a foreign substance such as water is introduced.
The apartment tenant, plaintiff's co-worker, testified that she had complained several times to the building management concerning trash and garbage and water or wetness on the steps. An employee of defendant testified that his check of the maintenance records revealed no request-for-service forms relating to the steps.
After she fell, plaintiff was helped to her feet by her co-workers, who then brought her to Charity hospital. X-rays revealed her fractured ankle and she was placed in a cast. She healed without significant incident and was discharged after approximately 9½ weeks. Although her recovery objectively appears complete, plaintiff testified that she continued to experience pain in her ankle if she tried to wear high-heeled shoes. She consulted another doctor, but the record does not reveal any further significant treatment.

LIABILITY
Strict liability is imposed upon an owner-lessor of premises for injuries sustained because the premises are defective. Fault arises from the conduct required of the owner-lessor by La.C.C. Art. 2322 and Art. 2695. Responsibility for the fault-caused damage attaches under La.C.C. Art. 2315. See Buxton v. Allstate Ins. Co., 434 So.2d 605 (La.App. 3d Cir.1983). Liability is not based upon negligence, but upon a defect which causes damage; owner-lessor knowledge of the defect is not required. See Wilson v. Virgademo, 258 So.2d 572 (La.App. 4th Cir.1972).
The safety expert testified to the substandard construction of the steps and their disrepair. He felt the condition of the steps caused the accident. The trial court concluded that the steps were defective and that the defects caused plaintiff to slip, fall and break her ankle. On the record before us, these conclusions are not clearly wrong and, therefore, will not be disturbed.
Defendant argues that the cause of the accident was the wetness of the steps for which some unknown third-party is responsible. In order for the fault of a third person to exonerate an owner-lessor from his own obligation importing strict liability as imposed by La.C.C. Arts. 2322 and 2695, the fault must be the sole cause of the damage. It must be of the nature of an irresistable and unforeseeable occurrence, and the resulting damage can have no causal relationship whatsoever to the fault of the owner-lessor in failing to keep his building in repair. Olsen v. Shell Oil *938 Co., 365 So.2d 1285 (La.1978); Smith v. Hartford Acc. & Indem. Co., 399 So.2d 1193 (La.App. 3d Cir.1981), writ denied, 406 So.2d 604 (La.1981). That these outside steps might become wet, other than by rain, is not unforeseeable. Further, there is a direct causal connection between the defective condition of the stairs and plaintiff's damage. See also Turner v. Safeco Ins. Co. of America, 472 So.2d 43 (La.App. 1st Cir.1985).
Defendant also argues that plaintiff's negligence accounts for more than one-third of the fault for the accident. Plaintiff argues to the contrary, that she bears no fault, or less than one-third of the fault for the accident. Findings as to degrees of fault are factual, and as such should not be disturbed on appeal absent manifest error or abuse of discretion. Segui v. Anthony, 487 So.2d 616 (La.App. 4th Cir.1986), writ denied, 489 So.2d 252 (La. 1986); Triangle Trucking Company v. Alexander, 451 So.2d 638 (La.App. 3d Cir. 1984); Vernado v. Continental Ins. Co., 446 So.2d 1343 (La.App. 1st Cir.1984).
The trial judge apparently concluded that the accident resulted from the combination of the defective steps and plaintiff's failure to exercise greater caution when confronted with the wet steps. We do not find his apportionment of fault between the parties to be manifestly erroneous. We, therefore, will not disturb the percentages of fault assigned by the trial court.

DAMAGES
The trial court found plaintiff's total damages to be $13,471.00. The parties stipulated that plaintiff's special damages totalled $1,411.00. The trial court apparently found that $12,060.00 was appropriate compensation for plaintiff's general damages.
Defendant argues that the award is excessive. Plaintiff argues that the award is appropriate and should not be disturbed.
The trier of fact is vested with much discretion in making its award. Before an appellate court can disturb the award, the record must clearly reveal that the trier of fact abused its discretion. That an appellate court may disagree with the trial judge is not alone a ground for substituting its judgment for that of the trier of fact. Nonetheless, the ultimate determination by an appellate court as to whether a given judge or jury abused their "much discretion" as a matter of law is a judgment call. Borden, Inc. v. Howard Trucking Co., Inc., 454 So.2d 1081 (La.1984); Coco v. Winston Industries, Inc., 341 So.2d 332 (La.1976).
We do not find that the trial judge abused his discretion in making his award. We, therefore, hold that the award is not excessive and will not be disturbed.

DECREE
For the reasons assigned we affirm the judgment of the district court.
AFFIRMED.