|2LOBRANO, Judge.
On February 3, 1994, while employed as a roofer with Usner Brothers Roofing, plaintiff, Larry Welch, slipped and fell from the roof on which he was working. As he was falling, he came into contact with an electrical wire. Plaintiff suffered various injuries, including a fractured vertebrae in his neck, electrocution, and burns on his hands and arms.
Usner’s insurer, Louisiana Workman’s Compensation Corporation (LWCC), began paying benefits within the next two weeks; however, the correct amount of those benefits was not immediately determined. Welch had only begun work for Usner Brothers a few days before and his employee status was still unclear. Originally, Welch was described to the insurer as a part-time employee, and as such he received only $38.00 per week. Only in 1997 did LWCC receive the correct information that Welch was meant to be a full-time employee, and thus should have been paid at the rate of $213.34 per month. (Welch has since been compensated for those inadequate payments.)
Welch received compensation payments from the time of the injury through May 13, 1994. At that time, he returned to work as a roofer for Usner Brothers. He continued in that job through May 24, 1996. Welch then quit, explaining that |3he still suffered pain and dizziness as a result of the injuries he had sustained in the accident. Welch claimed that he had never been able to function adequately in the job, and felt that he was endangering himself by continuing to work in pain. Usner Brothers contested Welch’s claim for additional compensation. Welch then instituted these proceedings.
The trial of this matter occurred in July and September of 1997. Prior to receiving testimony, the deposition and medical reports of Dr. Culcehia, Welch’s initial treating physician, were placed in evidence as well as the reports of Dr. Voorhies, whom Welch subsequently visited. Additionally Welch attempted to introduce the report of a chiropractor, Dr. Richter, but was met with the defense objection that it had not been forwarded for review until six days before trial contrary to the rules of the Hearing Office. The hearing officer did not rule on the objection and merely stated “objection is noted and we will deal with it during the course of trial.” The issue was never referred to during the trial.
In written reasons for judgment, the hearing officer concluded that plaintiff failed to prove by clear and convincing evidence entitlement to temporary total disability (TTD) benefits. She further found that plaintiff was not entitled to supplemental earnings benefits (SEB) from June 1996 through June 29, 1997. However, she did find he was entitled to (SEB) from June 30, 1997, payable at the full TTD rate because Usner failed to do a proper labor market survey and/or proper rehabilitation efforts. Contrary to -her reasons, however, the judgment states “Claimant is entitled to TTD from June 30, 1997 forward.” However, this is obviously an error, as we explain infra. Finally, the hearing officer concluded that Us-ner should pay “for claimant’s choice of orthopedist for evaluation and alljjneeessary and reasonable testing and treatment related to the injury.” Usner perfects this appeal arguing two errors.
In its first assignment of error, Usner argues that the hearing officer erroneously relied on the report of Dr. Richter, the chiropractor, in reaching the conclusion that plaintiff was disabled from June 30, 1997. That starting date coincides with Dr. Richter’s *702 report and thus, argues Usner, the hearing officer undoubtedly relied on it. Usner asserts that the award of TTD from the date of the report to the present was manifest error and must be reversed.
Initially, we point out that the reasons for judgment make clear that it was the hearing officer’s intent to award SEB from June 30, 1997, at the full TTD rate. To the extent that the judgment states that plaintiff is entitled to TTD from June 30,1997 that is error and should be amended to reflect SEB from June 30, 1997. Simply, the hearing officer found that because Usner failed to do a proper labor market survey or provide Welch with a list of available jobs prior to trial or conduct proper rehabilitation efforts, the SEB would be the full TTD rate. Thus, plaintiffs benefits are subject to the provisions of La. R.S. 23:1221 which govern SEB, and not those that govern TTD. We now address Usner’s argument relative to Dr. Richter’s report.
The record shows that Usner’s objection to Dr. Richter’s report was never ruled on by the hearing officer.[1] The reasons for judgment do suggest, however, that it was relied on by the hearing officer, at least to the extent of establishing a beginning date for SEB and probably to support, in part, Welch’s entitlement to SEB. Assuming the hearing officer agreed with Usner’s objection, then any |5reliance on the report would be improper. Regardless, we find that if error occurred it was harmless because the other record evidence supports the hearing officer’s judgment.
Plaintiff did not testify that he could not work, only that he could not continue his occupation as a roofer because of the continuing pain. That testimony is corroborated by that of his mother, and the medical reports of Dr. Voorhies dated September 4, 1996 and April 15, 1997. Dr. Voorhies recommended referral to the Department of Occupational Medicine/Physieal Medicine & Rehabilitation for “continued treatment, management, and ultimate assessment of his abilities and limitations....” He further recommended that plaintiff “be seen and treated in the Department of Psychiatry for his chronic pain problem.... ” Plaintiffs physical complaints to Dr. Voorhies were back pain, dizziness and neck pain. Plaintiff also exhibited emotional problems which Dr. Voorhies observed as a definite and important component of his current affliction. Furthermore, even though Dr. Culiechia released Welch to return to work in June of 1994 without any restrictions, he did note that Welch still had complaints of some aching pain. And, in a follow-up visit on October 23, 1996, Dr. Culiechia observed that “[f]rom a neurosurgical standpoint I do not find any restrictions or limitations that could keep him from performing these activities [roofer], but certainly subjective complaints of pain related to previous cervical spine fracture must be taken into consideration.”
While this evidence does not satisfy the clear and convincing standard needed to establish TTD benefits, it does support Welch’s entitlement to SEB. The | shearing officer undoubtedly was satisfied that plaintiff was working in substantial pain and we cannot say that conclusion is manifestly erroneous. Even ignoring the date of June 30, 1997, in Dr. Richter’s report, Dr. Voorhies established the need for further evaluation and treatment starting at least by April 15, 1997. For that reason, we find no merit in this assignment of error.
In its second assignment of error, Usner argues that the trial judge committed manifest error in awarding future medical treatment. Specifically it objects on the basis that no specific amounts are awarded and that the award deprives it of the right to obtain a second medical opinion and/or request a court appointed examiner. We disagree.
First, Usner’s reliance on Weston v. Bayou Sale Contractors, Inc., 506 So.2d 818 (La.App. 1 Cir.1987) is misplaced. That is a personal injury case, not a worker’s compensation case. Second, the judgment does not prevent Usner from obtaining a second opinion or seeking a court appointed examiner. See La. R.S. 23:1121 and 1123. Further *703 more, it is the employer’s duty to furnish the necessary medical treatment to an employee injured on the job. La. R.S. 23:1203. The court’s judgment does nothing more than award plaintiff what the law already provides. It does not deprive Usner from contesting the amount or need for specific expenses as they arise nor does it deprive them of any of their rights under the compensation law. See Mistrot v. York International, 97-2374 (La.App. 4 Cir. 4/22/98), 712 So.2d 968.
Finally, because the award is SEB, Usner has the right to prove, after the proper market survey and rehabilitation have been completed, that “employment is |7available to the employee in the employee’s or employer’s community or reasonable geographic region.” La. R.S. 23:1221(3)(c)(ii).
For the reasons assigned we amend the judgment to provide that plaintiff is entitled to SEB from June 30, 1997. In all other respects, it is affirmed.
AMENDED, AND AS AMENDED, AFFIRMED.

. Usner’s objection was predicated on Hearing Office Rule 2143 which requires that a document must be sent to an opposing party at least ten days before trial.