*1004 McCLENDON, J.,
dissents and assigns reasons.
[,1 must respectfully dissent from my colleagues in this matter. The Louisiana Supreme Court in State v. Lazaron#, 130 La. 1, 7, 57 So.2d 532, 534 (1912), set forth a requirement that an interpreter for the court shall “be absolutely disinterested, unprejudiced, and unbiased.” [1] However, the majority erroneously rejects this test and substitutes “substantially disinterested” for “absolutely disinterested.”
The majority further errs in requiring the challenger of the interpreter to prove “clear bias or prejudice.” In adopting this requirement, the majority apparently relies upon Segui v. Anthony, 487 So.2d 616, 618 (La.App. 4 Cir.), writ denied, 489 So.2d 252 (La.1986), wherein a party challenged the use of an interpreter selected by the trial court, but there was no allegation that a prior relationship existed between the interpreter and any of the parties. Rather, the interpreter used therein was “absolutely disinterested” as required by the Louisiana Supreme Court.
In this case the interpreter not only attended the same church as the victim and the victim’s husband, but more importantly she visited the victim in the hospital where the victim was receiving treatment as a result of the injuries 12suffered in this accident. Clearly, this is not the sort of neutral, disinterested or detached individual required for the fair administration of justice expected by our citizens.
The majority analogizes the requirement for a translator to that of an expert. However, there is no requirement that an expert be disinterested. Expert testimony is also subject to being tested by “vigorous cross-examination, presentation of contrary evidence, and careful instruction on the burden of proof.” Breitenbach v. Stroud, 06-0918, p. 14 (La.App. 1 Cir. 2/9/07), 959 So.2d 926, 936. Further, after weighing and evaluating all of the evidence, a jury is free to accept or reject the opinions expressed by experts. Breiten-bach, 06-0918 at p. 14, 959 So.2d at 936. In this context, an interpreter seems more akin to the role of a juror as opposed to that of an expert.
Additionally, in most cases involving an interpreter, a faulty or incomplete translation is an insidious danger, hidden from sight, unless a separate independent translator is available. Contrast Segui, 487 So.2d at 618, wherein the trial attorney representing the party challenging the use of the Spanish/English interpreter was fluent in both languages.
Because Ms. Sourkidhdy was not “disinterested” in this matter, the trial court abused its discretion in allowing her to serve as an interpreter. Accordingly, I would vacate the trial court’s judgment and remand this matter for a new trial. Therefore, I respectfully dissent.

. Similarly, this court in State v. Tamez, 506 So.2d 531, 533 (La.App. 1 Cir. 1987), noted that it is “axiomatic that an interpreter should be a neutral and detached individual.”